UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CENTRAL TRANSPORT, LLC,

    Plaintiff,

vs.

BALRAM TRUCKING, LTD, *et al.*,

    Defendants.

Case No. 3:15-cv-265

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER AND ENTRY DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 20)**

---

This civil consent case is before the Court on the motion for partial summary judgment filed by Defendant Balram Trucking, Ltd. ("Balram"). Doc. 20. Plaintiff Central Transport LLC ("Central") filed a memorandum in opposition to Balram's motion (doc. 22) and, thereafter, Balram filed a reply memorandum (doc. 23). Subsequent to this initial briefing, Central, with leave of court, filed a sur-reply memorandum. Doc. 26. The Court has carefully considered all of the foregoing, and Balram's motion for partial summary judgment is now ripe for decision.

**I.**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007)

(quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted).  Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Buarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted).  Instead, "[i]t is the attorneys, not the judges, who have interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406.  In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

**II.**

The facts presented by the parties on summary judgment are not in dispute.  *See* doc. 20 at PageID 164-67; doc. 22 at PageID 234-36.  In this statement of underlying facts, the Court sets forth the facts as presented by the parties in their briefing on summary judgment, without further citation to the record evidence herein by the Court.  *See id*.

This case involves a multi-vehicle collision that occurred on southbound I-75 near Tipp City, Ohio on August 28, 2013 at 9:45 p.m. At the time of the accident, Dial Jhutti, while driving a tractor-trailer within the course and scope of his employment for Defendant Balram, failed to brake and rear-ended a car being driven by Loretta Stotler. Ms. Stotler's vehicle was pushed into the concrete median barrier on I-75. Mr. Jhutti's tractor-trailer then struck the rear of a tractor-trailer driven by Michael Moore, a driver for Plaintiff Central. As a result of the collision, both tractor-trailers caught on fire. The tractor-trailer driven by Moore was then forced into a number of other vehicles, causing a chain reaction collision. Both Mr. Moore and Mr. Jhutti died in the accident. There is no dispute as to the liability of Mr. Jhutti and Balram.

Balram disputes Central's standing to seek certain damages; specifically, property damage to the tractor ($22,960.60) and trailer ($6,900) driven by Moore at the time of the accident, both of which were determined to be total losses after the accident. It is undisputed that Central did not own the tractor or the trailer at the time of the accident. Instead, Central leased the tractor and trailer from the owner, GLS Leaseco ("GLS"). The lease between Central and GLS reads, in part, that, "Lessee agrees to self-insure the Leased Equipment maintained hereunder against the hazards of fire, theft, vandalism, physical damage or loss."

At some point following the accident, Fred Calderone, the current President of GLS, signed an assignment given to Central that reads:

> For value received, the undersigned Assignor ("the Assignor") hereby assigns and transfers to Central Transport LLC ("the Assignee"), an Indiana limited liability company, its successors and assigns, all claims it has arising from or relating to the August 28, 2013 accident involving tractor 4568, 2004 Freightliner, VIN# 1FUJBBCV54LN02386 and trailer 53-8467, 2001 Wabash, VIN# 1JJV532W01L619750.
>
> Effective as of the 29th day of August, 2013.

3

The parties concede that an issue of fact exists regarding the date upon which Calderone executed the assignment, *i.e.*, whether he executed the assignment before the filing of this action or after.  Further, there is a dispute as to whether Calderone possessed the requisite authority to assign causes of action to Central at the time the assignment was executed.

## III.

Balram moves for partial summary judgment on Central's claim for damages to the tractor and trailer.  *See* doc. 20 at PageID 167-70.  Balram notes that, under Ohio law, any claim for damage to the tractor and trailer would have expired on or before August 28, 2015 by application of the statute of limitations set forth in Ohio Rev. Code § 2305.10(A) -- which states that "an action for . . . injuring personal property shall be brought within two years after the cause of action accrues."  While Central filed the complaint in this case before expiration of that limitations period, Balram argues that Central did not have standing to assert claims for damage to the tractor or trailer on the complaint filing date: (1) did not own the property at that time; and (2) had not properly been assigned any rights to pursue an action for damage to such property on or before August 28, 2015.  *Id*.

Central acknowledges that it did not and does not own the tractor or the trailer at issue in this litigation.  *See* doc. 22 at PageID 235.  Central also minimizes the relevance of the aforementioned assignment, arguing that the assignment's validity becomes an issue only if the Court finds that it otherwise lacks standing to pursue damages to the tractor and trailer under its lease agreement with GLS.  *Id*.  In that regard, Central argues that it has standing under the lease agreement by virtue of Central's agreement to "self-insure" the tractor and trailer against "physical damage or loss."  *See id*.  The Court makes no finding regarding the merits of Central's argument of standing by virtue of the lease agreement.

4

With regard to the aforementioned assignment, Balram argues that it could not have been effective as of August 28, 2015 because Mr. Calderone did not possess actual authority to authorize such assignment until he became President of GLS in April 2016, *i.e.*, well after expiration of the applicable statute of limitations. *Id.* While Balram's argument seems logical on its face, Balram cites no law in support of its contention that the assignment has no validity in the absence of Mr. Calderone's actual authority to execute such assignment. In fact, given the parties' diversity of citizenship in this case, and the fact that neither Central nor GLS appear to be Ohio residents,[1] it is not clear which jurisdiction's law would apply to determine the validity of the assignment and, unfortunately, Balram has not favored the Court with any legal citation or argument regarding such choice of law analysis.[2]

Given the dearth of legal authority relied upon by Balram in seeking summary judgment regarding the assignment at issue in this case, the Court is compelled to deny such motion. *See Hindman v. Thompson*, 557 F. Supp. 2d 1293, 1300 (N.D. Okla. 2008) (stating that it is not "the Court's job to . . . research arguments on [a party's] behalf"). Balram cannot expect the Court to issue a decision on summary judgment in the absence of some effort to identify the law applicable in determining the assignment's validity.

---

[1] "Initially, this Court must address the threshold issue of the choice of law in this diversity action." *Glenway Indus., Inc. v. Wheelabrator-Frye, Inc.*, 686 F.2d 415, 417 (6th Cir. 1982). "It is well-established that federal courts sitting in diversity must apply the choice-of-law rules of the forum state." *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998). Ohio courts have applied the choice of law principles applicable to contracts when the validity of an assignment is at issue. *See Zenfa Labs, Inc. v. Big Lots Stores, Inc.*, No. 02AP-691, 2003 WL 283155, at *4 (Ohio Ct. App. Feb. 11, 2003). "The validity and interpretation of a contract is governed in Ohio courts by the laws of the state where the contract is made or is to be performed." *McCluskey v. Rob San Servs., Inc.*, 443 F. Supp. 65, 68 (S.D. Ohio 1977). Again, Balram provides no citation to legal authority, presents no facts, and makes no argument regarding the law applicable to determining the validity of the assignment at issue.

[2] In its reply memorandum, Balram suggests that "the issues in this case are fairly straightforward and not the subject of a great deal of litigation." Doc. 23 at PageID 255. The Court finds it difficult to believe that there is no law available to counsel explaining how to determine which state's law should apply to govern the validity of the assignment at issue in this case and that state's law concerning the elements required of a valid assignment of legal claims.

Based upon the foregoing, Balrams' motion for partial summary judgment (doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

Date:   February 21, 2017                              s/ Michael J. Newman
                                                                             Michael J. Newman
                                                                             United States Magistrate Judge