UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CENTRAL TRANSPORT, LLC,

    Plaintiff,

vs.

BALRAM TRUCKING, LTD., *et al*.,

    Defendants.

Case No. 3:15-cv-265

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND ENTRY AND ORDER (DOC. 37); AND (2) AMENDING THE COURT'S PREVIOUS ORDER ACCORDINGLY (DOC. 16)**
_____

This civil consent case is before the Court on Plaintiff Central Transport's motion to amend a previous Order denying Defendant Balram Trucking's motion for summary judgment. Docs. 16, 37. Plaintiff's requested amendment does not impact the Court's legal disposition as set forth in that Order and the requested amendment does not substantively impact the issues presented in this case. *Id*. Instead, the requested amendment changes only a purported misstatement of a fact that is immaterial to the outcome of this case. *Id*. Defendants do not oppose Plaintiff's motion. *See* doc. 38 at PageID 707. Accordingly, the unopposed motion is ripe for decision.

In the summary judgment Order, when setting forth the background, facts, and procedural history of this case, the Court stated that Andrea Bouchard was "counsel for Central Transport" during a pre-litigation mediation held on February 20, 2015. Doc. 16 at PageID 149. Plaintiff asserts that the Court's characterization of Ms. Bouchard as Central Transport's "counsel" is a misstatement regarding the capacity in which she acted on behalf of Central Transport during that mediation. *See* doc. 37. Plaintiff has submitted affidavits from Ms. Bouchard and Central Transport's Vice-President Kevin Kalczynski, Esq., both of whom state that Ms. Bouchard has and continues to work for Central Transport in the capacity of a paralegal and/or claims representative, and has never served

as or held herself out as an attorney for Central Transport. *See* doc. 37-1 at PageID 696-97; doc. 38-1 at PageID 710-12. Ms. Bouchard, who is now seeking admission to the State Bar of Michigan, has encountered difficulties during the bar admissions process as a result of the Court's statement in that regard. *See* doc. 37-1 at PageID 701.

The facts presently before the Court do not show definitively that Ms. Bouchard appeared at the pre-litigation mediation in the capacity of Central Transport's attorney, or that she held herself out as such. The Court's statement in the previous Order was the Court's reasonable interpretation of Ms. Bouchard's role at the pre-litigation mediation given the undisputed fact that she signed the mediation agreement on Central Transport's behalf. Such reasonable interpretation, however, has now been somewhat clarified by Plaintiff with the aforementioned affidavits.

As the record currently stands, the evidence does not show that Ms. Bouchard appeared at the pre-litigation mediation as "counsel," *i.e.*, an attorney for Central Transport or that she represented herself as Central Transport's attorney. Accordingly, the Court **GRANTS** Plaintiff's motion (doc. 37) and **AMENDS** the Court's previous Order (doc. 16) to reflect that Ms. Bouchard is an employee of Central Transport and that she appeared at the February 20, 2015 as Central Transport's representative. The Court's amendment in this regard does not change the legal disposition set forth in that Order and has no substantive impact on the merits of this case.

The Court makes no finding or conclusion as to whether or not Ms. Bouchard's participation at the pre-litigation mediation on behalf of Central Transport constitutes the unauthorized practice of law under the applicable rules or laws of the states of Michigan, Ohio, or any other jurisdiction. Such issue is not one for this Court to decide. This Order simply amends the wording of the Court's previous Order to clarify what the evidence before the Court shows. Again, the Court makes no substantive conclusion of law or ethics finding in this Order.

**IT IS SO ORDERED.**

Date:   May 24, 2017                             /s Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

2