UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CENTRAL TRANSPORT, LLC,

    Plaintiff,

vs.

BALRAM TRUCKING, LTD.,

    Defendant.

Case No. 3:15-cv-265

Magistrate Judge Michael J. Newman
(Consent case)

---

**ORDER AND ENTRY: (1) SETTING FORTH THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW; (2) DIRECTING THAT FINAL JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF CENTRAL TRANSPORT, LLC, FOR $87,288.26; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This civil consent case came before the Court for a bench trial on April 3, 2017. Doc. 34. Attorney Robert Buchbinder represented Plaintiff Central Transport, LLC ("Central") at trial. *Id*. Attorney Jeffrey Jurca represented Defendant Balram Trucking, Ltd. ("Balram") at trial. *Id*. Following trial and preparation of the trial transcript, the parties simultaneously filed proposed findings of fact and conclusions of law. Docs. 35, 36. The Court has carefully considered all of the foregoing, as well the evidence admitted at trial, and this case is now ripe for issuance of the Court's findings of fact and conclusions of law as required under Fed. R. Civ. P. 52(a)(1).

## BACKGROUND

This case arises out of a multi-vehicle collision on August 28, 2013 that occurred on southbound I-75 near Tipp City, Ohio. *See* docs. 35, 36. The facts of the accident and Balram's liability for that accident are not in dispute. Doc. 35 at PageID 669; doc. 36 at PageID 681. The sole dispute presented for the Court's resolution is whether Central -- an Indiana limited liability company --

is entitled to recover the full extent of the $87,342.26 sought from Balram (who concedes that Central is entitled to recover at least $57,427.66 in damages). *Id*.

The accident occurred when Dial Jhutti, while driving a tractor-trailer within the course and scope of his employment for Balram, failed to brake and ultimately struck the rear of a tractor-trailer driven by Michael Moore, a driver for Plaintiff Central. As a result of the collision, both tractor-trailers caught on fire and both Moore and Jhutti died in the accident. (This action concerns only claims of property damage and does not concern any damages related to the death of either driver).

The parties having agreed that Central is entitled to recover at least $57,427.66 for property damage resulting from the accident, the limited dispute presented for the Court's resolution at trial is whether or not Central has standing to recover for the property damage sustained to the tractor ($22,960.60) and trailer ($6,900) driven by Moore, which were determined to be total losses.

It is undisputed that Central never owned the tractor or the trailer. Instead, Central leased the tractor and trailer from the owner, GLS Leaseco ("GLS"), who is not a party to this lawsuit. Despite not being the owner of the tractor or trailer, Central argues that it has standing to recover damages for the tractor and trailer by virtue of: (1) its lease agreement with GLS, under which Central bore responsibility to pay for damage to the tractor and trailer; and (2) an assignment executed by GLS assigning to Central all of its claims arising out of the accident. Doc. 36 at PageID 682-89.

Balram argues that the lease agreement between the parties does not specifically assign property damage claims to Central. *Id*. at PageID 670-72. Balram also argues that a separate assignment of claims from GLS to Central is invalid. With regard to the validity of the assignment, Balram contends that Fred Calderone, who executed the assignment on behalf of

GLS, did not possess the requisite authority because, based upon his own deposition testimony, he did not become GLS's president until April 2016, *i.e.*, after Central filed this lawsuit on July 6, 2015 and after expiration of the two-year limitations period on August 28, 2015. Doc. 35 at PageID 674-77.

## FINDINGS OF FACT

From the Court's perspective, in light of a number of stipulations by the parties (doc. 34 at PageID 603-08), there are only two factual issues required for resolution at trial, namely: (1) the date upon which Calderone became president of GLS (thus gaining authority to bind GLS to the assignment of claims); and (2) the date upon which Calderone executed the assignment. *See* docs. 35-36.

The Court finds Calderone's trial testimony credible and concludes that, at deposition, he mistakenly testified that he became GLS's president in April 2016 when, in fact, he became GLS's president in April 2015. Doc. 34 at PageID 636, 651. The Court also finds that Calderone executed the assignment in the summer of 2015 -- albeit, there is no evidence upon which the Court can conclude that the assignment was executed before the filing of this action on July 6, 2015, or before expiration of the two-year limitations period on August 28, 2015. Doc. 34 PageID 630.

## CONCLUSIONS OF LAW

There are two issues of law for the Court's resolution: (1) whether Central has standing to pursue damages to the leased tractor and trailer under its lease agreement with GLS; and, if not, (2) whether Central has such standing under the assignment executed in its favor by GLS.

The lease agreement between Central and GLS with regard to the subject tractor and trailer was signed on December 21, 2009 and reads, in part, that, "[Central] agrees to self-insure the [the tractor and trailer] against the hazards of fire, theft, vandalism, physical damage or loss."

JX 1. The lease also reads that, "[i]n the event of loss or damage of any kind" to the tractor and trailer, Central "shall use all reasonable efforts to place [them] in good repair, condition and working order to the satisfaction of [GLS][.]" *Id*. In the circumstance where the tractor and trailer have "been irreparably damaged . . . [Central] shall make its election to pay [GLS] for the irreparably damaged Unit[s] or to replace the irreparably damaged Unit[s][.]" *Id*.

"The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). "[T]he governing substantive law in diversity actions is state law." *Id.* In this diversity case, Central's alleged standing to pursue tort claims against Balram for damage to the tractor and trailer arises from the lease between Central and GLS, which, by its terms, is governed by the law of Central's state of incorporation, *i.e.,* Indiana. JX 1, JX 2. Under Indiana law, "[t]he doctrine of subrogation may be invoked in favor of persons who are legally obligated to pay for a loss caused by another's tort." *Steury v. N. Indiana Pub. Serv. Co.*, 510 N.E.2d 213, 214 (Ind. Ct. App. 1987); *see also DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 170 (Ind. 2006). Thus, one "who is primarily liable under a . . . contract for casualty losses [to property] . . . gains status as a real party in interest because he [or she] is entitled to be subrogated to the rights" of the property owner. *Steury*, 510 N.E.2d at 214.

As set forth by the terms of the lease noted above, Central is legally obligated to pay GLS for loss to the leased tractor and trailer. Therefore, Central is a real party in interest and has legal standing to pursue damages to the tractor and trailer against the Defendant tortfeasors. *Id*. Based upon this conclusion, the Court need not determine whether Central also has standing to pursue damages to the tractor and trailer under the assignment. Nevertheless, based upon the factual

findings above, the Court concludes that the assignment is valid and that Central also has standing to pursue damages to the tractor and trailer based upon the assignment.

## CONCLUSION

In light of the foregoing, the Court concludes that Central suffered damages to the leased tractor ($22,960.60) and the leased trailer ($6,900) in the total amount of $29,860.60, for which it is entitled to recover. Without dispute, Central suffered other damages in the amount of $57,427.66, for which it is entitled to recover from Balram. Thus, in total, Central is entitled to recover from Balram damages in the amount of $87,288.26.

The Clerk is **ORDERED** to enter judgment in favor of Plaintiff Central and against Defendant Balram in the total amount of $87,288.26. The Clerk is further **ORDERED** to **TERMINATE** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:  August 21, 2017               s/ Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge